Per Curiam.
There is a question made as to the liability of deféndant Watson. It is argued that his action in detaining plaintiff in jail was justified by the fact that the remand was regular in form or on its face, and he was therefore protected, as officers are, who execute process that is regular and valid in appearance. The remand was not a judicial process. The sheriff was no more than any other person would be who had become bail (Code of Pro. §§ 188, 189). His assertion of the existence of a fact, viz., that the bail had failed to justify, did not have any special force. It was the existence of the fact that would give authority to surrender. The jailer was bound to know that the person making the surrender had authority to make it.
It was also urged that it should have been left to the jury, as to whether notice of making the stipulation had reached the sheriff or any of his agents. In the first place, the letter containing the notice was admissible as affecting the measure of damages. There would have been ground for urging that, if the sheriff had received such notice, his action in arresting was *497 so willful or malicious, that the plaintiff was entitled to exemplary damages. The objection to the letter was properly overruled. Afterwards, when the court held, that on the whole case, the plaintiff was entitled to only compensatory damages, it became immaterial for the jury to ascertain whether the notice had reached the sheriff.
The damages are not so large that the court can declare them to be excessive.
Judgment affirmed, with costs, and order denying motion for new trial, made upon the minutes, affirmed, with $10 costs.